UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PEGAH RAHGOZAR, § | |
|    *Plaintiff,* § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 4:22-CV-04390 |
| BROOKFIELD PROPERTIES RETAIL, § | |
| INC. et al § | |
|    *Defendant.* § | |

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Pegah Rahgozar, individually and as next friend of A.M., a minor ("Plaintiff") files this Amended Complaint complaining of Defendant Brookfield Properties Retail, Inc., Brookfield Properties (R), LLC, Brookfield Property REIT, Inc., Brookfield Properties (USA II), LLC dba BPO Management, LLC, Millard Mall Services, Inc., Willowbrook Mall (TX), LLC, ("Defendant") and would show as follows:

## PARTIES

1.  Plaintiff, Pegah Rahgozar, individually and as next friend of A.R., a minor, is a resident of Harris County, Texas.

2.  Defendant, Brookfield Properties Retail, Inc., is a Texas company conducting business in Texas. Defendant has appeared and answered.

3.  Defendant, Brookfield Properties (R), LLC, is a Texas company conducting business in Texas. Defendant has appeared and answered.

4.  Defendant, Brookfield Property REIT, Inc., is a Texas company conducting business in Texas. Defendant has appeared and answered.

5. Defendant, Brookfield Properties (USA II), LLC dba BPO Management, LLC, is a Texas company conducting business in Texas. Defendant has appeared and answered.

6. Defendant, Millard Mall Services, Inc., is a Texas company registered in Texas and conducting business in Texas. Defendant has appeared and answered..

7. Defendant, Willowbrook Mall (TX), LLC, is a Texas company and conducting business in Texas. Defendant has appeared and answered.

## JURISDICTION & VENUE

8. This case was removed by Defendants' pursuant to 28 U.S. Code § 1332. **Plaintiff is seeking monetary of not more than $70,000.00.**

## FACTS

9. On or about January 27, 2017, Defendants Brookfield Management, Brookfield Retail, Willowbrook, Brookfield REIT, and Brookfield Properties R, were each an owner and possessor of the property more commonly known as Willowbrook Mall in Harris County, Texas. (the "Mall"). Further, Defendant Millard was responsible for janitorial services, including maintenance at the Mall.

10. On or about December 20, 2020, minor Plaintiff, A.M, was visiting the Mall. Suddenly and without warning, minor A.M., fell due to a substance on the floor.

11. As a result of Plaintiff's fall, Plaintiff sustained severe debilitating injuries causing him severe pain and requiring him to miss school and social activities for an extended period of time. Defendants knew or should have known of the unsafe

conditions that lead to minor Plaintiff's injuries. As a result of the fall and Defendants' negligence, Plaintiff sustained injuries and suffered damages.

## CAUSES OF ACTION

### A. PREMISES LIABILITY

12. Defendants owed a legal duty to Plaintiff. Defendants are liable under a premises liability theory because:

   a. Defendants, their agents, and/or their employees had actual or constructive knowledge of the unreasonably dangerous condition;

   b. Defendants, their agents, and/or their employees were negligent in failing to adequately warn Plaintiff, or remedy or eliminate the unreasonably dangerous condition; and

   c. Such negligence was a proximate cause of the injuries and damages sustained by Plaintiff.

13. Further, Defendants owed Plaintiff a legal duty to inspect the premises. Defendants conduct was willful and wanton because, upon information and belief, Defendants, their agents, and/or their employees knew about the conditions and failed to correct them. At all times relevant to this lawsuit, Defendants maintained control of the premises in question and had a duty of ordinary care to keep the premises in a reasonably safe condition for invitees such as Plaintiff.

14. Defendants either knew or reasonably should have known that the area where Plaintiff was injured presented a dangerous hazard and an unreasonable risk of harm to users of the premises. Defendants had a duty to exercise ordinary care to discover

the dangerous condition on its premises, and to make its premises safe for reasonable use by Plaintiff and other invitees. Defendants failed to take reasonable steps to discover and correct the hazard, and failed to warn Plaintiff of the existence of the hazardous condition although such hazard had existed on the premises for a period of time and should have been discovered and corrected by Defendants. Such indifference and failure of Defendants to act proximately caused the incident made the basis of this lawsuit, and Plaintiff's resulting injuries and damages pled herein. Such conduct was a proximate cause of the injuries and damages sustained by Plaintiff.

### B. NEGLIGENCE

15. Defendants owed a legal duty to Plaintiff. Specifically, Defendants owed a duty to exercise reasonable care in maintaining their premises in a safe condition. Defendants owed a duty to make sure their premises remained safe.

16. On the occasion in question, Defendants, by and through their agents and/or employees, breached the duty owed to Plaintiff, and proximately caused Plaintiff's injuries by:

17. Plaintiff did not receive any warnings of the hazardous condition at the Facility prior to the incident and was without fault. Defendants and their agents, servants, and/or employees were responsible for maintaining the safe condition of the Facility.

18. At the time of the incident, Defendants controlled the area where the incident occurred. Defendants owed and assumed a duty to provide safe premises. The condition of the premises, and the failure to properly secure, maintain, and inspect the premises posed an unreasonable risk of harm of which Defendants had actual or

constructive knowledge. Defendants breached their duty of ordinary care by failing to adequately warn Plaintiff and by failing to make the unreasonably dangerous condition safe.

19. Each of the foregoing acts and omissions, either singularly or in combination, constituted negligence which proximately caused the incident made the basis of this lawsuit, and Plaintiff's resulting injuries and damages pled herein.

## DAMAGES

20. As a result of Defendants' negligence jointly and severally, minor Plaintiff suffered injuries. Plaintiffs bring this action for the following damages:

   a. Past physical pain and suffering of Plaintiff, and that which he will in all probability suffer in the future;

   b. Past mental anguish of Plaintiff, and that which he will in all probability suffer in the future;

   c. The medical expenses that Plaintiff has incurred in the past and will in all reasonable probability continue to incur in the future;

   d. Past and future lost earnings or loss of wage-earning capacity; and

   e. Any and all other damages to which Plaintiff may be justly entitled.

21. **However, Plaintiff will not seek damages in excess of $70,000.00.**

## PRESERVATION OF EVIDENCE

22. Plaintiff herby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs;

videotapes; audiotapes; recordings; business or medical records; bills; estimates; invoices; checks; correspondence; memoranda; files; facsimiles; email; voice mail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## **PRAYER**

Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, Plaintiff recovers damages from Defendants in accordance with the evidence but not in excess of $70,000.00.

Respectfully submitted,

**CRIACO & SAMPERI**

By: __*/s/ Ciro J. Samperi*_____
Ciro J. Samperi
State Bar No. 24075006
Federal ID No. 1610973
363 N. Sam Houston Pkwy E., Suite 800
Houston, Texas 77060
T: (713) 663-6600
F: (713) 663-7923
csamperi@criacolaw.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

On this the 13th day of January 2023, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically as authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Ciro J. Samperi*
Ciro J. Samperi